By the Court,
Lane, C. J.
The question fai.rly arises between these elaimants, whether an assignment of lands in Ohio, by a foreign debtor, and to be partly executed abroad, shall be postponed by a subsequent *181 .•attachment, at the instance of one of our citizens. Our court has heretofore decided, in two reported cases, 2 Ohio, 235; 3 Ohio, 488, that a transfer of legal title to land can not he made by the operation •of foreign insolvent laws. In the last ease, although the assignment by law was accompanied by some act of the party, it was held that nothing passed, even in equity, without a formal deed, because the •assignment of the party was a part of the law dependent upon it, and liable to be superseded with it. These cases adopt the very obvious principle, that a law has no effect upon land, except within its territorial jurisdiction; and are in conformity with the general current of American authorities. The effect of bankruptcy upon the personality, is noc settled with so much uniformity. See cases collected in 2 Kent. C. 406 ; Story Con. L. 337.
The states of Maine, Massachusetts, and Louisiana, seem to go much farther than this, and declare that even a voluntary assignment * by a foreign insolvent debtor, will be superseded by a subsequent attachment. Most, or perhaps all, the eases show the assignment to be void, by the law of the jurisdiction in which the property •is situated ; yet an effort is made to place their conclusions upon some other basis than this — upon some rule of policy, that a state should •preserve and prefer the rights of its own citizens, and exempt them from the laws and acts of citizens of other states. Neither the expediency nor the justice of this discrimination are admitted, especially as between citizens of the United States. The natural right of the owner of property, to dispose of it at his pleasure, depends on no localities, and is subject to no restrictions, except that of conformity •with the law of the states. A compliance with these forms should avail equally to the stranger as the citizen; for the law which confers the authority to hold, should not impair the capacity to enjoy ; and the distinction seems not only invidious, and too much in the spirit of meting out justice in different measures, but inconsistent with the •rights secured by the constitution. Such doctrines are plainly adopted by those to whom we are wont to look either for precedent or authority. There is such a decided case from South Carolina; they are said •to be followed in France, and Holland, and Scotland, atid England, and are countenanced by the opinions of Kaimes, and Parsons, and Story, and Kent, It is unnecessary for us, however, to look beyond our own reports ; in the last of which, 3 Ohio, 489, such a conveyance is recognized as good.
I need not examine by what law personality is regulated when held *182 by a stranger : the present suit relates to land only. Its owner might lawfully dispose of it, although it'lies abroad. It is only necessary to se.e if he adopted the forms required in our state, and whether the objects he sought, would be justified if undertaken by one of our own citizens. The deed possesses the ordinary requisites of a conveyancej and is free from objection. The trust imposes no restrictions upon, creditors, and secures no advantage to the debtor, until the creditors are paid. The debtor divides his creditors into three classes, as they seemed meritorious to him, and secured the payment of those of each class in the same proportion; a discrimination which does not invalidate, for it is one of the rights of the debtor. Such an assignment, if made now, would enure to the equal benefit of all the creditors; but it is not affected by the act of 1835 ; and as it seems to aim at nothing except the speedy and effectual conversion of the effects into money, and the appropriation to debts, it presents no qualities inconsistent with our law.
*We find, then, a regular conveyance to trustees upon lawful trusts, made in October, 1836. The attachment was not levied until February, 1837 ; and it operated only on those interests of the debtor which had previously become extinct. As the parties are before us, a decree may be taken, referring to a master, to take an account of the. present state of the trust, preparatory to further proceeding.
Cause remanded.